Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2023-190

| JUANA MERCEDES GUZMÁN COELLO<br><br>Parte Apelante<br><br>v.<br><br>CARMEN JANET COLLAZO FERNÁNDEZ Y BRENDA ENID COLLAZO FERNÁNDEZ<br><br>Parte Apelada | KLAN202300960 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV00518<br><br>Sobre: Impugnación de Validez de Testamento |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Cruz Hiraldo y la Jueza Cintrón Cintrón.

Juez Ponente, Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de diciembre de 2023.

Comparece la parte apelante, Juana Mercedes Guzmán Coello, para solicitarnos que se revise y revoque la *Sentencia* dictada el 28 de septiembre de 2023, notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual desestimó con perjuicio la *Demanda* instada por la apelante.

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia* apelada.

I

El 4 de noviembre de 2021, la Sra. Guzmán Coello instó una *Demanda* sobre impugnación de validez de testamento en contra de la heredera forzosa, Carmen Janet Collazo Fernández.[1] Alegó haber estado casada con el difunto testador, Sr. Collazo Ocasio, quién había otorgado testamento abierto ante notario público el 26 de marzo de 2021. Además, adujo que el Sr. Collazo Ocasio estaba

---

[1] Caso Civil Núm. BY2021CV04522.

Número Identificador

SEN2023 _____

incapacitado mentalmente al momento de testar y que, aun resultando el testamento como legal, no se estableció aritméticamente a cuanto ascendía la participación ganancial de la demandante.

El 18 de mayo de 2022, notificada al día siguiente, el Tribunal de Primera Instancia dictó *Sentencia*. El Tribunal concluyó que el diligenciamiento del emplazamiento a la parte demandada fue nulo por no haberse hecho conforme a derecho y desestimó sin perjuicio la *Demanda*, sin imposición de costas, gastos y honorarios de abogados.

El 1 de junio de 2022, la Sra. Guzmán Coello presentó la *Demanda* por segunda ocasión en el Tribunal de Primera Instancia[2], esta vez añadiendo a la coheredera forzosa, Brenda Enid Collazo Fernández, como codemandada.[3] No obstante, dicha codemandada nunca fue emplazada y, transcurrido el término para ello, el Tribunal de Primera Instancia dictó *Sentencia* el 2 de noviembre de 2022, notificada al día siguiente. El Foro de Instancia resolvió que procedía la desestimación del pleito en su totalidad por no haberse emplazado a una parte indispensable dentro del término improrrogable de la **Regla 4.3 (c) de Procedimiento Civil.**[4] El Tribunal de Primera Instancia desestimó sin perjuicio la *Demanda*.

El 30 de enero de 2023, la Sra. Guzmán Coello presentó la *Demanda* por tercera vez. La Sra. Carmen Janet Collazo Fernández fue emplazada personalmente el 14 de febrero de 2023 y la Sra. Brenda Enid Collazo Fernández fue emplazada por edicto el 25 de abril de 2023[5]. Acaecidos diversos trámites procesales, la Sra.

---

[2] Caso Civil Núm. VB202200409.
[3] Hacemos constar que las codemandadas, Carmen Janet Collazo Fernández y Brenda Enid Collazo Fernández, son hijas procreadas del primer matrimonio del testador difunto.
[4] 32 LPRA Ap. V, R. 4.3(c).
[5] La Sra. Brenda Enid Collazo Fernández fue emplazada por edicto por residir fuera de Puerto Rico.

Carmen Janet Collazo Fernández presentó una *Moción de Desestimación Con Perjuicio Sin Someterse a la Jurisdicción del Tribunal.* Arguyó que en dos ocasiones anteriores la reclamación ha sido archivada por incumplimiento con el término dispuesto en la Regla 4.3(c) de Procedimiento Civil[6] para el diligenciamiento del emplazamiento y que, como consecuencia, tuvo el efecto de una adjudicación en los méritos. Asimismo, solicitó la desestimación con perjuicio de la *Demanda* y la imposición de pago de costas, gastos y honorarios de abogado por temeridad.

El 16 de mayo de 2023, la Sra. Guzmán Coello presentó una réplica a la solicitud de desestimación donde esgrimió que no hubo adjudicación en los méritos puesto que todo lo ocurrido ha sido procesal hasta el momento y que, en esta tercera *Demanda,* se emplazó dentro del término de los ciento veinte (120) días. Por otro lado, el 18 de mayo de 2023, la Sra. Brenda Enid Collazo Fernández presentó una moción en la cual se unió a la moción de desestimación.

Así las cosas, el 28 de septiembre de 2023, notificada al siguiente día, el Tribunal de Primera Instancia dictó *Sentencia* en la que desestimó con perjuicio la *Demanda.* El foro *a quo* razonó que hubo dos (2) demandas previas con la misma causa de acción desestimadas por incumplimiento con la Regla 4.3(c) de Procedimiento Civil[7] y que, consecuentemente, tuvo el efecto de una adjudicación en sus méritos y constituye cosa juzgada e impedimento para la presentación de la reclamación por tercera ocasión. Además, el Foro Primario entendió que la demandante procedió con temeridad crasa e impuso el pago de honorarios de abogados y costas del litigio.

---

[6] 32 LPRA Ap. V, R. 4.3(c).
[7] *Id.*

Inconforme, el 27 de octubre de 2023, la Sra. Guzmán Coello presentó su apelación ante nos con el siguiente señalamiento de error:

> Erró el Honorable Tribunal, al dictar Sentencia el 28 de septiembre de 2023, notificada, el 29 de septiembre de 2023 y dictar Sentencia Con Perjuicio. Expresa que la 2da demanda, al incumplir con el término de la Regla 4.3(c) de Procedimiento Civil, tuvo el efecto de una adjudicación en sus méritos, de la reclamación de la Parte Demandante.

Comparecido las partes y presentado sus escritos, damos por perfeccionado el recurso de epígrafe. Examinado el expediente en su totalidad, procedemos a establecer el derecho aplicable y resolver.

II

**A. *El emplazamiento y la Regla 4.3(c) de Procedimiento Civil***

El emplazamiento es el mecanismo procesal que tiene como propósito notificar al demandado sobre la existencia de una reclamación en su contra y a través de este mecanismo es que el tribunal adquiere jurisdicción sobre la persona del demandado, quién quedará obligado por el dictamen que se emita eventualmente.[8] Por vía del emplazamiento se satisfacen las exigencias del debido proceso de ley, que en sí requiere que se le notifique al demandado de toda reclamación en su contra para tener la oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor.[9] Es por ello que a los demandados les asiste el derecho de ser emplazados conforme a derecho.[10] Dada la dimensión constitucional del procedimiento de emplazamiento, nuestro ordenamiento jurídico ha establecido que el emplazamiento requiere una estricta adhesión a sus

---

[8] *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Márquez v. Barreto*, 143 DPR 137, 142 (1997).

[9] *Global v. Salaam*, 164 DPR 474, 480 (2005).

[10] *Bernier González v. Rodríguez Becerra, supra*; *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869 (2015).

requerimientos y que su inobservancia priva de jurisdicción al tribunal.[11]

La Regla 4 de Procedimiento Civil[12] regula lo concerniente a la figura del emplazamiento. En lo pertinente al caso ante nos, la Regla 4.3 de Procedimiento Civil[13] en su inciso (c) establece el término para el diligenciamiento del emplazamiento. Dicha regla dispone lo siguiente:

> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. **Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**. (Énfasis Nuestro)

La referida regla establece un término de ciento veinte (120) días para poder diligenciar el emplazamiento, a partir de la expedición del emplazamiento. Nuestro Tribunal Supremo ha indicado que cuando un emplazamiento es diligenciado incorrectamente o de manera defectuosa, el remedio apropiado no es desestimar la demanda sino más bien ordenar que se repita el diligenciamiento.[14] Ahora bien, el término de ciento veinte (120) días es improrrogable y se desestimará automáticamente la causa de acción de no poderse diligenciarse el emplazamiento dentro del término.[15] En otras palabras, el demandante podrá repetir el diligenciamiento del emplazamiento en casos que se haya hecho

---

[11] *Global v. Salaam, supra*; *Datiz v. Hospital Episcopal*, 163 DPR 10 (2004).
[12] 32 LPRA Ap. V, R. 4.
[13] 32 LPRA Ap. V, R. 4.3(c).
[14] *Banco Popular v. SLG Negrón*, 164 DPR 855, 874 (2005).
[15] *Bernier González v. Rodríguez Becerra, supra*, pág. 649.

incorrectamente, siempre y cuando no haya transcurrido el término improrrogable de ciento veinte (120) días.

Conforme a lo establecido en la Regla 4.3(c), la desestimación y archivo del caso por incumplimiento con el término para el diligenciamiento del emplazamiento será sin perjuicio.[16] No obstante, "una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos".[17] Es decir, un segundo incumplimiento con la Regla 4.3(c) resultará en una desestimación y archivo con perjuicio.[18]

### III

La apelante señaló que el foro *a quo* incidió en desestimar con perjuicio la *Demanda* y entender que, al incumplir con el término de la Regla 4.3(c) de Procedimiento Civil[19] en dos ocasiones, la segunda desestimación tuvo el efecto de una adjudicación en los méritos. Como fundamento, la apelante arguyó que la primera desestimación no fue por incumplimiento con la Regla 4.3(c)[20] sino por nulidad del emplazamiento y que la segunda desestimación fue la única vez que se violentó dicha regla. Por lo tanto, esgrimió que la segunda desestimación fue sin perjuicio, que no fue una adjudicación en los méritos y que, por ende, no procede la desestimación de la *Demanda* de epígrafe. No le asiste la razón. Veamos.

La primera *Demanda* fue presentada el 4 de noviembre de 2021 y el correspondiente emplazamiento expedido el 20 de diciembre, por lo que la apelante tenía hasta el 19 de abril de 2022 para emplazar debidamente. Dicha *Demanda* fue desestimada posteriormente debido a que el diligenciamiento del emplazamiento

---

[16] 32 LPRA Ap. V, R. 4.3(c).
[17] *Id.*
[18] *Bernier González v. Rodríguez Becerra, supra*, pág. 652.
[19] 32 LPRA Ap. V, R. 4.3(c).
[20] *Id.*

a la Sra. Carmen Janet Collazo Fernández fue declarado nulo, pues, el emplazamiento no indicaba a quien se dirigía el emplazamiento. En esencia, el diligenciamiento del emplazamiento no se hizo conforme a derecho y se desestimó sin perjuicio la *Demanda*. A primera vista, la nulidad del diligenciamiento del emplazamiento aparenta ser la razón por la desestimación del pleito por el foro *a quo*. Está visión es incorrecta.

Nuestra jurisprudencia ha establecido que el remedio apropiado en estos casos es que se ordene a que se repita el diligenciamiento y no la desestimación.[21] No obstante, este remedio sólo está disponible cuando no haya transcurrido el término de ciento veinte (120) días, pues, **dicho término es improrrogable y su incumplimiento resulta en una desestimación automática**. La apelante tenía hasta el 19 de abril de 2022 para emplazar conforme a derecho y la *Sentencia* fue dictada el 18 de mayo de 2022, ya transcurrido dicho término improrrogable. Por tanto, debido a que la apelante no emplazó conforme a derecho dentro de dicho término, el foro *a quo* no pudo proveer remedio alguno excepto que ordenar la desestimación y archivo sin perjuicio, conforme a lo dispuesto en la Regla 4.3(c) de Procedimiento Civil[22]. En conclusión, la desestimación de la primera *Demanda* constituye el primer incumplimiento con la Regla 4.3(c) de Procedimiento Civil[23].

Por otro lado, no existe controversia de que la desestimación de la segunda *Demanda* fue por incumplimiento con la Regla 4.3(c) de Procedimiento Civil[24]. La apelante presentó la segunda *Demanda* y se expidió el emplazamiento el 3 de junio de 2022 y 9 de junio de 2022 para Brenda Enid Collazo Fernández y Carmen Janet Collazo Fernández, respectivamente. Por tanto, el término

---

[21] *Banco Popular v. SLG Negrón, supra.*
[22] 32 LPRA Ap. V, 4.3(c).
[23] *Id.*
[24] *Id.*

para emplazar debidamente vencía el 3 de octubre de 2022 y 7 de octubre de 2022, respectivamente. La apelante nunca emplazó a Brenda Enid Collazo, una parte indispensable, y dejó transcurrir el término provisto para ello, lo cual resultó en su posterior desestimación por violación a la Regla 4.3(c) de Procedimiento Civil[25]. Asimismo, este dictamen se convirtió en la segunda desestimación por incumplimiento con la referida regla.

La regla es categórica al establecer que una subsiguiente desestimación y archivo por incumplimiento con el término tendrá el efecto de una adjudicación en los méritos, es decir, será con perjuicio. Entonces, resulta forzoso concluir que la segunda desestimación de la *Demanda* constituye una adjudicación en los méritos, lo cual impide que se vuelva a presentar la reclamación nuevamente. Por ende, el Tribunal de Primera Instancia no erró al desestimar la *Demanda*, puesto que la apelante estaba impedida de presentar su reclamación nuevamente.

IV

Por los fundamentos antes expresados, las cuales hacemos formar parte de este dictamen, se confirma la *Sentencia* apelada emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[25] *Id.*